Next case before us this morning is 20-6023 United States v. Benton. Let's see, Mr. Kingston, we are ready when you are. Thank you, Your Honor. My name is Tim Kingston. I'm here on behalf of the appellant Ronald Benton in this matter and I appreciate the opportunity to present argument today, though I must say being the last case on a Friday is perhaps not an enviable position. Hopefully it will be all right. Your Honors, the appellant has three intersecting arguments to present today that were presented in my briefing in the case based on the Rehafe case and the several circuit court cases that I also cited in my brief. The first argument is that the district court on the government's motion in limine, which was opposed by the appellant in the district court, did not allow the appellant, made a ruling not allowing the appellant to present evidence or testimony that he did not believe that his New Mexico domestic violence conviction made him a prohibited person under federal law. And I would submit that that evidence and the testimony that he would present with regard to that issue, if it had been heard by the jury, would have been was crucial to his defense and could have certainly led to a different result in the case if the jury had been allowed to hear that evidence. Second, I would argue to the court that the government did not meet its burden of proof as required by Rehafe to show beyond a reasonable doubt that the defendant, the appellant, knew that his New Mexico conviction prevented him from possessing a gun. Now, the problem with that particular point is that he didn't have to get in trouble. They called him up and said, hey, you can't do it. And he said, well, yes, I can. And went and did it. Now, I mean, what more do you want to happen before somebody knows that they shouldn't have a gun with a conviction as he did? I appreciate the question, Your Honor. And I must admit, as I read through the record, I cringed when I saw the several steps that he took to especially what he ultimately did, which was try to get the gun back. I cringed too. Yeah. I said, my goodness, what are you doing? Anyway, but to answer Your Honor's question, I think it's not what he learned subsequent to, it's what he knew and believed at the time he purchased the gun. And thereafter, only those things came later. And I don't believe they're dispositive of the question under Rehafe as to, you know, what his subjective knowledge was of his status. Well, all of your arguments turn on whether your interpretation of Rehafe is correct, right? Yes. If you're wrong, that Rehafe requires him to have known that his prior domestic violence conviction made it illegal for him to have possession of a firearm, then all your claims fail. I would agree with you, Your Honor. And I will straightforwardly state that, you know, the number of circuits that have addressed the issue, or a number of circuits that have addressed the issue, come down on the side of the government. And you're asking us to create a circuit split. Perhaps, Your Honor. Though several of the cases that I cite in my brief and that I would argue to the court today, they carve out from, I don't know if it's Rehafe or Rehafe, as you've put it, Your Honor, but that under certain circumstances in the context of a case where a defendant's knowledge of the circumstances of the defendant's knowledge of what his prohibited status is, that you can present, as at least one court put it, if you have plausible ignorance or a credible belief that you're not a prohibited person, that that's evidence and testimony that can be presented even under, you know, the auspices of Rehafe and should be considered by the court and a jury in a case such as this. So I don't know if it's a 100% circuit split I'm requesting from the court, but I will admit it could be interpreted that way. Your Honors, you know, the third argument that, and related argument that I'm presenting is that the jury instruction that was given by the district court over the defendant's objection was likewise a misapplication of Rehafe, at least in the context of this particular case. Your Honors, if the court were to decide any of these issues in favor of the appellant, then the conviction should be reversed. If the court were to find the government failed to meet its burden of proof in this particular case, then the court should also order the case be dismissed. I will state to the court that Rehafe is perhaps not a model of clarity with regard to what it specifically holds. There was, there's a holding that the court reached, but then the court qualifies or discusses the holding in dicta perhaps, but does go into a specific point the court to pages 20, pardon me, Your Honors, 2197 to 2198 of the Rehafe case where the court explicitly says, quote, as we have said, we normally presume Congress did not intend to impose criminal liability on persons who, due to lack of working from that language in the Rehafe decision, Your Honors, I've also cited to the court several circuit court cases, which I'd like to run through briefly with regard to the matter that look at what knowledge or scienter a defendant needs to have in order to be convicted under 922G and be sentenced under 924A of Title 18 of the United States Code. In the United States versus Davies case that I cite in my brief, that court focused on what the defendant specifically understood as to whether his criminal status prevented him from possessing a gun. Likewise, in U.S. v. Williams, the Seventh Circuit case, the court found that a defendant might make out, as I said before, a plausible ignorance defense when he can plausibly show that he did not believe that his prior conviction prevented him from possessing a gun. And that court gave what I believe to be an example that is directly applicable to Mr. Benton's case, that is, where a person, as the court stated, where a person was convicted only of a misdemeanor and sentenced only to probation with no jail time, that that person might very plausibly and reasonably believe that he's not a prohibited person under the federal gun laws. I would also submit your honors that this court's decision in the United States v. Trujillo, also cited in the appellant's brief, is in favor of the appellant. In that case, the court noted that, quote, where a defendant's knowledge of his felony status is weak, a defendant, unquote, a defendant might, quote, defend his case by showing the jury that he did not know or understand that his status prohibited him from possessing a firearm, from possessing a gun. Well, now, let me ask you this, counsel. What is the status that you're referring to? That he couldn't possess the gun or that he had been an illegal alien or he had been convicted of a domestic abuse charge? Well, in terms of the Rehave case and the circuit court cases, the status is, in this case, his conviction, misdemeanor conviction in New Mexico for domestic violence. Right. And in some of the other cases, the guy didn't know he was illegal. That's the Rehave case. Not that he couldn't have a gun. That was the discussion on the Rehave case. Yes. And there's several cases along those same lines. But you want us to go one step beyond that. And so did your jury instruction. Yes. Well, again, you know, in responding to Judge McHugh's question, what I was trying to say is it's not necessarily in the context of this case of arguing that I'm asking for a circuit split or an absolute ruling from the court that a defendant under Rehave has to specifically believe that he's not a prohibited person. Rather, I'm saying if you look at this case, this particular matter, the kind of conviction that he had, the kind of sentence that he received in that case, then he should be allowed and should have been allowed to make out this plausible ignorance defense. But you're arguing that ignorance of the law is a defense. That because he did not know that his domestic violence conviction made it illegal for him to carry a firearm, that that's a defense. Well, if I characterize it as an ignorance of the law defense, then I think I'm taking down that road of, you know, ignorance of law is no defense and the appeal fails. What I'm trying to say is that the circuit courts that I've cited to the court and Rehave's own discussion, which I've already partly presented to the court, does allow for a person to present this kind of defense. Well, if he had said, if he had said, I didn't know I had been convicted of domestic abuse, I had no idea. I wasn't even in town when they when they signed the judgment. I think you'd have something there. That would be an easy case, your honor. And one of the cases I've cited to the court was where the defendant had pled guilty to a felony, but he hadn't been sentenced yet. And so they said, well, he had a plausible ignorance defense because he didn't understand what his status actually was. But poor old Mr. Benton, he knew he had been convicted of domestic abuse. Yes, yes. He put down on his application, I never was convicted. Right. Based on his obviously very sincere belief that he wasn't precluded from possessing the firearm, obviously wrongly, I'm not arguing to the court that his New Mexico conviction allowed him to possess a gun. He was that and set up what what date they put on for the offense that he was convicted, that he was charged with. You're talking about the the federal indictment? The New Mexico predicate defense. I know it was a very short indictment. I'm sorry, your honor. I did. I should know. I can check it. I can check it. Thank you, your honor. Counsel, could I just follow up from your last statement? Are you actually challenging? I guess you're there. It seems the Supreme Court has said knowledge applies to you have to know you possess the firearm and you have to know that you have the relevant status described in the statute. So are you actually challenging either of those? No. What I'm saying is that the the rehab court and the circuit courts that I've cited, I apologize for possibly repeating myself, that they maybe lack better way to put it, carve out from that the the potential to present a defense of plausible ignorance, a credible belief that you're not a prohibited person. Right. Well, doesn't that go to the second element? That's the problem I'm having with your argument. Are you saying that the second element wasn't met here? Or do you want to add a third requirement that the government has to show knowledge of the fact that the relevant status prohibits you from possessing a I. What I'm arguing to the court is that, yes, the the strict holding of rehab is, you know, you possess, you know, only possess a gun and you have the status. I agree. But what I'm trying, I'm trying to argue, I don't know how effectively, but I'm trying to argue is that in addition to that, the court, the Supreme Court would allow in the circuit court cases that I've cited to the court, would allow this plausible ignorance defense. And certainly as in terms of representing Mr. Benton, if you could have, we could have a straightforward ruling of the court that there is this third requirement, that would be certainly fine with the appellant. But I'm not necessarily going that far. Well, and I know you said that, but that's the part I don't understand. How, how do you read what you're arguing for to go into knowing the relevant status? Because here, the defendant knew his relevant status, correct? He certainly did know his relevance. Okay, so the only thing he didn't know was that that relevant or in your interpretation, the only thing he didn't know was that the relevant status prevented him from possessing a fire. Well, it's strictly based on the facts of the case. Yes, Your Honor. But that's not necessarily adding an additional requirement, I guess is what you're saying. I don't know. It's fact specific. It is in this case, facts, facts specific, Your Honor. I know that the Johnson case, well, I've come to the end of my time, but the Johnson case talks about it in terms of an affirmative defense. Okay. All right. Thank you. Thank you. And Mr. McGarry, we're ready for you. Yes, Your Honors. Good morning. May it please the court. Wilson McGarry on behalf of the United States. This case comes before the court, I think, as Your Honors had mentioned earlier, really kind of boils down to a single question of interpretation of rehape or rehab, which is that the basically that the appellant, it appears, is asking the court to interpret rehape to require the government to prove that the appellant knew his status. And in this case that he had been previously convicted of a misdemeanor crime of domestic violence, and also to prove that he knew his status prohibited from possessing a firearm. I'd ask this court to answer that question in the negative, in that rehab only requires or added the only requirement for the government to prove that the defendant or convicted of a misdemeanor crime of domestic violence. And as such, that the district court in this case properly instructed the jury on the elements of the crime based on rehab. As I noted in my brief, going with appellant's argument here would change the required mens from a knowing mens rea to a willful mens rea, which rehab discusses in the case, basically stating that the 924 imposes a willful mens rea, or I'm sorry, a knowing mens rea, I misspoke there, and that requiring him to know that his possession is unlawful would then change that to a willful mens rea. And then as kind of touched on by appellant, then we would run headlong into the maxim that ignorance of the law is no excuse. Finally, I'd point out that rehab really expressly applied to the status element of 922. The court in that case did not make any mention of extending the requirement for the government to prove that a defendant knew his status prohibited him from possessing a firearm. You know, just to touch on a couple of things that appellant mentioned, you know, first, I think he mentions in his brief that there are several cases that suggest that there is a plausible or reasonable ignorance that can be read into it, and for instance, the 8th Circuit Davies case, and however, those cases really just focus on whether the defendant knew his stats, whether they had been previously convicted of a prior felony, whether they, or in this case, whether the appellant had been convicted of a misdemeanor crime of domestic violence, or whether, you know, some of the other cases in the 7th Circuit and so forth, whether the defendant is an unlawful alien, and I think there is some confusion because the unlawful alien cases do already pre-rehab require that there be some proof that he knew his presence. However, you know, as appellant cited to the portion of rehab where they, the court provides some examples, for instance, when maybe a small child is brought to the United States illegally, again, the question of knowledge in that goes to whether that child or defendant would have known their status, and in this case, you know, the court properly instructed the jury, and the evidence was sufficient to demonstrate that the appellant knew his status, and to the extent, you know, he had any type of belief that his possession was of an ATF agent, you know, specifically that he wasn't allowed to possess, his belief at that point became unreasonable and implausible, so really here, I just think it comes down to an interpretation of rehab, and you know, the United States would ask this court to join in with the other circuits, the 6th, 7th, 8th, 9th, and now the 11th circuit that have found that rehab really only requires that the government prove that the appellant knew his status. Counsel, can I just follow up on that? So in terms of interpreting what the Supreme Court says, I think your opposing counsel said that some of the language is maybe unclear in that case, and I just wonder what you do with that. For example, in describing the question that they're answering, the court says we're addressing whether the government must prove that a defendant knows of his status as a person barred from possessing a firearm. Doesn't that maybe estimate a requirement that you have to know that your status violates or possessing a firearm is, you are prohibited from doing that? Doesn't that suggest that or not? Well, Your Honor, I believe that the case clarifies that throughout in the context of the entire case when it provides examples and, you know, pretty explicitly says that it's a knowing mens rea and that anything beyond that would then start running into the maximum ignorance of the law. So to the extent that one sentence may be arguably vague, I believe the case when read in context really clarifies that and, you know, that's also supported by other circuits reading that and how the other cases or courts have interpreted that, what that means. Okay, so that's, so I guess you're saying it is a mixed bag? No, Your Honor, I think rehab is clear on the fact that it's limited to knowledge of one's status, not and it doesn't go beyond to that the government would have to prove that the defendant knew his status and that his status prohibited him from possessing a firearm. Okay, well can you tell me, just point me to language where they make that clear. Well, I believe in kind of, let's see, at the, you know, I believe it, where is it, let me see, it's that subsection A in the case, I think it's at 2195 when the court really gets into kind of a statutory interpretation, that gets into the, you know, whoever knowingly violates and then says that that portion then modifies 922G requirement, I believe that that really limits it to that only adding the knowing portion to that element that knowingly, you know, pre-rehab had to knowingly prove, we had to prove that he knowingly possessed the firearm, but now just that the defendant or appellant had to know his status. I think that's pretty well limited in that opinion. It's, I mean, it's obviously a pretty lengthy analysis, but I believe that the court in that portion when they mentioned that, you know, I think it also says that at 2196, Congress intended to require the government to establish that the defendant knew he violated the material elements of 922G. I don't think, I think that's also, you know, stating that it's not trying to add an element just to add the knowing requirement that the defendant know he was convicted of the misdemeanor crime of domestic violence. Hope that answers your question. Thank you. But if there aren't any other questions, I, you know, the government would ask that the, this court joint and the other courts that have held that rehab holds that the government has to prove that the appellant knew his status as a misdemeanor, as being previously convicted of a misdemeanor crime of domestic violence and not that it extended its holding to that the government had to prove that the defendant knew his status and knew that he, that his status prohibited him from possessing a firearm and would ask that you, this court, this court affirmed the district court's decision. And thank you. Thank you, counsel. And I believe that there's no time remaining for rebuttal. Oh, there's nine seconds or no, you're over nine seconds. So that's correct. So we will take this matter under advisement and we will be adjourned. Thank you counsel. Thank you.